IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br>     *Plaintiffs,* <br> v. <br><br> TENCENT AMERICA LLC and TENCENT HOLDINGS LIMITED, <br><br>     *Defendants.* | Civil Action No. 2:16-cv-577 <br><br> **Jury Trial Demanded** |

**ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendants, Tencent America LLC and Tencent Holdings Limited (collectively "Defendants"), allege as follows:

**THE PARTIES**

1.  Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.  Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.  Uniloc Luxembourg owns a number of patents in the field of conference calling and messaging.

4.  Upon information and belief, Tencent America LLC is a Delaware corporation having a principal place of business at 661 Bryant Street, Palo Alto, CA 94301 and offers its

1

products, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas. Among other things, Defendant Tencent America LLC engages in marketing activities that promote the use of Wechat. Defendant Tencent America LLC also purchases and owns servers in the U.S. that allow users to download clients. Defendant Tencent America LLC may be served with process through its registered agent: Offshore Incorporations Limited, 1013 Centre Road, Wilmington DE 19805.

5. On information and belief, Defendant Tencent Holdings Limited is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business located at Tencent Building, Kejizhongyi Avenue, Hi-tech Park, Nanshan District, Shenzhen, 518057, the Peoples Republic of China and offers its products, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas.

## JURISDICTION AND VENUE

6. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendants are deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

8. Defendant are subject to this Court's jurisdiction pursuant to due process and/or the

Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

9. U.S. Patent No. 8,571,194 ("the '194 Patent"), entitled SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL issued on October 29, 2013. A true and correct copy of the '194 Patent is attached as Exhibit A hereto.

10. U.S. Patent No. 7,853,000 ("the '000 Patent"), entitled SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL" issued on December 14, 2010. A true and correct copy of the '000 Patent is attached as Exhibit B hereto. The '194 Patent and '000 Patents are collectively referred to as the "Patents-in-Suit."

11. The Patent-in-Suit are part of patent family that has been referenced by hundreds of other patent applications including patents applications by Microsoft Corporation; Yahoo! Inc.; Cisco Technology, Inc.; Sprint Communications Company L.P.; Research In Motion Limited; International Business Machines Corporation; AT&T Intellectual Property I, L.P.; Qualcomm Incorporated; Verizon Patent And Licensing Inc.; T-Mobile USA, Inc.; LG Electronics Inc.; Huawei Technologies Co., Ltd.; and Telefonaktiebolaget L M Ericsson.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 8,571,194)

12. Uniloc incorporates the preceding paragraphs herein by reference.

13. Uniloc Luxembourg is the owner, by assignment, of the '194 Patent.

14. Uniloc USA is the exclusive licensee of the '194 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

15. Defendants have marketed and currently markets a voice and messaging application under the name "WeChat" which can be downloaded to a device from links provided at http://www.wechat.com/en/ as well as the through other sites such as Google Play and the Apple App Store.

16. Upon information and belief, the following describes, at least in part, how Defendants' voice and messaging application works:



**Source**: http://www.wechat.com/en/download.html

17. Upon information and belief, the following describes, at least in part, how Defendants' voice and messaging application works:



18. Upon information and belief, the following describes, at least in part, how Defendants' voice and messaging application works:



**Source**: https://www.mobigyaan.com/wechat-introduces-free-video-calls-for-groups/

5

19. Upon information and belief, the following describes, at least in part, how Defendants' voice and messaging application works:



**Source**: http://venturebeat.com/2015/10/20/you-can-now-do-nine-person-video-calls-on-wechat-for-ios/

20. Upon information and belief, the following describes, at least in part, how Defendants' voice and messaging application works:



21.     Upon information and belief, the following describes, at least in part, how Defendants' voice and messaging application works



22. Upon information and belief, the following describes, at least in part, how Defendants' voice and messaging application works



23. Upon information and belief, the following describes, at least in part, how Defendants' voice and messaging application works

![How do I add new members in Video & Voice Call for Groups screenshot]

**Source**: https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?opcode=2&plat=ios&lang=en&id=151019viEjAn151019aYV3yI&Channel=helpcenter

24.     Upon information and belief, the following describes, at least in part, how Defendants' voice and messaging application works:



**Source**: http://www.wechat.com/en/features.html#live_chat

25.     Upon information and belief, the following describes, at least in part, how Defendants' voice and messaging application works



Source: http://www.wechat.com/en/features.html#live_chat

26.     Defendants have directly infringed, and continue to directly infringe one or more claims of the '194 Patent in this judicial district and elsewhere in Texas, including at least claims 1-16 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its voice and messaging application during the pendency of the '194 Patent which *inter alia* comprises instructions for displaying an instant message chat window, exchanging instant messages between two or more parties, displaying an indication of whether parties are connected to said instant message session, and automatically initiating an audio/video call between the participants.

27.     In addition, should Defendants' voice and messaging application be found to not

literally infringe the asserted claims of the '194 Patent, Defendants' accused products would nevertheless infringe the asserted claims of the '194 Patent. More specifically, the accused voice and messaging application performs substantially the same function (contains instructions for implementing an IM to voice/video call capability), in substantially the same way (comprising computer readable instructions contained in or loaded into non-transitory memory) to yield substantially the same result (effecting an instant message to voice/video call). Defendants would thus be liable for direct infringement under the doctrine of equivalents.

28. Defendants may have infringed the '194 Patent through other software, currently unknown to Uniloc, utilizing the same or reasonably similar functionality, including other versions of its voice and messaging application. Uniloc reserves the right to discover and pursue all such additional infringing software.

29. Defendants have indirectly infringed and continue to indirectly infringe claims 1-16 of the '194 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, and/or importation of Defendants' messaging software. Defendants' customers who use such software in accordance with Defendants' instructions directly infringe one or more of the above identified claims of the '194 Patent in violation of 35 U.S.C. § 271.

30. Defendants instruct its customers in the use of its messaging software through Internet demonstrations, training videos, brochures and administration, maintenance, installation and/or user guides, such as those located at the following:

http://www.wechat.com/en/features.html#live_chat

Defendants are thereby liable for infringement of the '194 Patent pursuant to 35 U.S.C. § 271(b).

31. Defendants have indirectly infringed and continues to indirectly infringe claims 1-16 of the '194 Patent, by among other things, contributing to the direct infringement by others, including without limitation users of its messaging software, by making, using, offering to sell, or selling, in the United States, and/or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in the practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '194 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

32. For example, the Defendants' messaging software module that allows users to initiate a call from an instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such software module is a material part of the invention and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Defendant are liable for infringement pursuant to 35 U.S.C. § 271(c).

33. Defendants will have been on notice of the '194 Patent since, at the latest, the service of this complaint. By the time of trial, Defendants will thus have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to actual infringement of claims 1-16 of the '194 Patent.

34. Uniloc has been damaged, reparably and irreparably, by Defendants' infringement of the '194 Patent and such damage will continue unless and until Defendants are enjoined.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,853,000)

35. Uniloc incorporates the preceding paragraphs herein by reference.

36. Uniloc Luxembourg is the owner, by assignment, of the '000 Patent.

37. Uniloc USA is the exclusive licensee of the '000 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

38. Defendants have directly infringed, and continue to directly infringe one or more claims of the '000 Patent in this judicial district and elsewhere in Texas, including at least claims 1-3, 6-8, 12, 18, and 20-23 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling devices with its voice and messaging application during the pendency of the '000 Patent which *inter alia* comprises instructions for indicating a plurality of potential targets then being connected to an instant messaging service and participating in a given instant messaging session with a conference call requester and generating a conference call request responsively to a single request by the conference call requester where a conference call is automatically established.

39. In addition, should Defendants' voice and messaging application be found to not literally infringe the asserted claims of the '000 Patent, Defendants' accused products would nevertheless infringe the asserted claims of the '000 Patent. More specifically, the accused voice and messaging application performs substantially the same function (implementing an IM to voice/video call capability), in substantially the same way (through instructions) to yield substantially the same result (effecting an instant message to voice/video call). Defendant would thus be liable for direct infringement under the doctrine of equivalents.

40. Defendants may have infringed the '000 Patent through other software, currently

unknown to Uniloc, utilizing the same or reasonably similar functionality, including other versions of its voice and messaging application. Uniloc reserves the right to discover and pursue all such additional infringing software.

41. Defendants have indirectly infringed and continues to indirectly infringe at least claims 1-3, 6-8, 12, 18, and 20-23 of the '000 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, and/or importation of Defendants' messaging software. Defendants' customers who use such devices and software in accordance with Defendants' instructions directly infringe one or more of the above identified claims of the '000 Patent in violation of 35 U.S.C. § 271.

42. Defendants instruct its customers in the use of its messaging software through Internet demonstrations, training videos, brochures and administration, maintenance, installation and/or user guides. Defendants are thereby liable for infringement of the '000 Patent pursuant to 35 U.S.C. § 271(b).

43. Defendants have indirectly infringed and continues to indirectly infringe at least claims 1-3, 6-8, 12, 18, and 20-23 of the '000 Patent, by among other things, contributing to the direct infringement by others, including without limitation users of its messaging software, by making, using, offering to sell, or selling, in the United States, and/or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in the practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '000 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

44. For example, the Defendants' messaging software module allow users to initiate a

call from an instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such software module is a material part of the invention and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Defendants are liable for infringement pursuant to 35 U.S.C. § 271(c).

45. Defendants will have been on notice of the '000 Patent since, at the latest, the service of this complaint. By the time of trial, Defendants will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least claims 1-3, 6-8, 12, 18, and 20-23 of the '000 Patent.

46. Uniloc has been damaged, reparably and irreparably, by Defendants' infringement of the '000 Patent and such damage will continue unless and until Defendant are enjoined.

## JURY DEMAND

47. Uniloc hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court find in its favor and against Defendants, and that the Court grant Uniloc the following relief:

(A) that Defendants have infringed the '194 Patent and the '000 Patent;

(B) awarding Uniloc its damages suffered as a result of Defendant's infringement of the '194 Patent and the '000 Patent pursuant to 35 U.S.C. § 284;

(C) enjoining Defendants, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '194 Patent and the '000 Patent pursuant to 35 U.S.C. § 283;

(D) awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E) granting Uniloc such other and further relief as the Court may deem just and proper.

**Dated:   May 30, 2016**                              Respectfully submitted,

                                                                          */s/ James L. Etheridge*

                                                                          James L. Etheridge
                                                                          Texas State Bar No. 24059147
                                                                          Ryan S. Loveless
                                                                          Texas State Bar No. 24036997
                                                                          Brett A. Mangrum
                                                                          Texas State Bar No. 24065671
                                                                          Travis L. Richins
                                                                          Texas State Bar No. 24061296
                                                                          ETHERIDGE LAW GROUP, PLLC
                                                                          2600 E. Southlake Blvd., Suite 120 / 324
                                                                          Southlake, Texas 76092
                                                                          Telephone: (817) 470-7249
                                                                          Facsimile: (817) 887-5950
                                                                          Jim@EtheridgeLaw.com
                                                                          Ryan@EtheridgeLaw.com
                                                                          Brett@EtheridgeLaw.com
                                                                          Travis@EtheridgeLaw.com

                                                                          ***Counsel for Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A.***